UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br>MARK JOSHUA PAYNE<br>    Debtor.<br>_____<br>MARK JOSHUA PAYNE,<br>    Plaintiff<br>v.<br>UNITED STATES DEPARTMENT OF EDUCATION,<br>    Defendant. | Case no. 25-11009-CMA<br>Chapter 7<br>Adv. Proc. No.<br><br>COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT |

## I. PARTIES & JURISDICTION

1.1 Plaintiff is the debtor in the above-referenced proceeding. He filed a petition for relief pursuant to Title 11, Chapter 7 on April 15, 2025.

1.2 Defendant is the United States Department of Education ("DOE").

1.3 Plaintiff may serve Defendant United States Department of Education by mailing a copy of

COMPLAINT TO DETERMINE DISCHARGEABILITY
OF STUDENT LOAN DEBT

1

Neu Law, PLLC
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

the Summons and Complaint to the United States Department of Education by first class mail to the below addresses:

> Secretary of Education Linda McMahon
> U.S. Department of Education
> 400 Maryland Ave. SW
> Washington, DC 20202
>
> US Attorney Teal Luthy Miller
> Attn: Civil Process Clerk
> 700 Stewart Street, Ste. 5220
> Seattle, WA 98101-1271
>
> Attorney General of the United States Pam Bondi
> Department of Justice
> 950 Pennsylvania Ave NW, Room B103
> Washington, DC 20530-0001

Federal Rule of Bankruptcy Procedure 7004(b)(4) and (5).

1.4   This Court has jurisdiction over the subject matter as an adversary proceeding under 11 U.S.C. §523(a) and 28 U.S.C. §1334.

1.5   This is a core proceeding. This is a proceeding in which the Court can enter a final judgment and over which the Court has jurisdiction pursuant to *Stern v. Marshall*, 564 U.S. 293, 131 S. Ct. 2594 (2011).

## 2.   ACTIONS GIVING RISE TO CLAIM

2.1   The Plaintiff borrowed federal student loans between the years of 2000 and 2013 to attend undergraduate and graduate programs.

2.2   Plaintiff's ultimately obtained a degree in dentistry.

2.3   Records available at www.studentaid.gov show original disbursements were made under various loan programs, including the FFEL, Graduate Plus, and Direct Loan Programs. The debt was ultimately consolidated into the Direct Consolidation Loan program, comprised of subsidized and unsubsidized portions, with a total balance of approximately $670,000, accruing interest at a rate of 7.38%, or nearly $50,000 per year.

2.4   Payne has maintained his loans in good standing through payments, forbearance, and deferment options since first becoming indebted in the year 2000.

COMPLAINT TO DETERMINE DISCHARGEABILITY
OF STUDENT LOAN DEBT

2

Neu Law, PLLC
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

2.5     Based on his current indebtedness, the debtor would have to make payments of approximately $7,900 per month to repay the debt on a ten year term, or over $4,600 per month on a thirty year term.

2.6     The Plaintiff works full time as an employee in a dental office. When he tried to increase his income by opening his own dental office, the effort resulted in catastrophic debt, reduced income, and ultimate bankruptcy. He is maximizing his earning ability. His earnings are substantially consumed by the high cost of living in the Seattle metro area.

2.7     Plaintiff's current income is not enough to make meaningful payments on the subject loans and still maintain a minimal standard of living.

2.8     Plaintiff's income is unlikely to increase significantly in the future, because he intends to remain in a W-2 position indefinitely, based on the negative result of trying to start his own practice. If he is required to pay the alleged remaining balance during his remaining working years, the payments will be beyond his ability to pay and will pose an undue hardship.

2.11    The above indicates that the Plaintiff is entitled to a hardship discharge pursuant to 11 USC 523(a)(8). He has met all of the elements of the *Brunner* test, and is eligible for relief in light of applicable statute and case law.

## III. PRAYER FOR RELIEF

THEREFORE, Plaintiff requests the following:

1. That the Court enter an Order declaring his student loans discharged or partially discharged in this bankruptcy case.
2. For such other additional or different relief as this court deems fit in the interest of justice.

//

//

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

Neu Law, PLLC
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

3

DATED May 30, 2025

Neu Law, PLLC

By: */s/ Latife H. Neu*
Latife H. Neu, WSBA #33144
Attorney for Debtor/Plaintiff Mark Joshua Payne

COMPLAINT TO DETERMINE DISCHARGEABILITY
OF STUDENT LOAN DEBT

Neu Law, PLLC
1825 NW 65th Street
Seattle, WA 98117
(206)297-6349
latife@neulegal.com

4

Page 4 of 4

Case 25-01070-CMA    Doc 1    Filed 05/30/25    Ent. 05/30/25 13:35:29    Pg. 4 of 4